IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| HEARN INSULATION AND IMPROVEMENT COMPANY, INC.,<br>　　Plaintiff,<br><br>　　　　v.<br><br>CARLOS BONILLA, *et al.*,<br>　　Defendants. | Civil Action No. 09-cv-00990-AW |

**Memorandum Opinion**

Pending before the Court is Plaintiff's motion for attorney fees and expenses. Doc. No. 80. The Court has reviewed the filings submitted by the Parties and finds that no hearing is necessary. *See* D. MD. LOC. R. 105(6) (2010). For the reasons that follow, the motion is denied.

On the subject of attorney fees, "Maryland follows the common law 'American Rule,' which states that, generally, a prevailing party is not awarded attorney's fees." Courts make exceptions where "'the parties to a contract have an agreement'" that authorizes recovery of attorney fees. *Nova Research, Inc. v. Penske Truck Leasing Co., L.P.*, 952 A.2d 275, 281 (Md. 2008) (quoting *Thomas v. Gladstone*, 874 A.2d 434, 437 (2005)). Plaintiff argues that the contract involved in this case contains such a provision. Paragraph 7.3 of the agreement states:

> **Damages and Remedies.** Contractor expressly agrees to indemnify and hold harmless the Company, its officers, directors, and agents from any and all loss, damage, expense or cost (including attorney's fees and disbursements attendant thereto) arising out of or in any way relating to the breach of any duty, obligation, representation, warranty and/or covenant in this Agreement."

Plaintiff argues that it is entitled to attorney fees pursuant to paragraph 7.3 because it succeeded on its breach of contract claim against Defendants and, in the process of doing so, incurred attorney fees "arising out of . . . the [Defendants'] breach of . . . this Agreement." Defendants oppose the motion on the grounds that the contract does not authorize the recovery of attorney fees in actions between the

1

contracting Parties, and that the amount requested by Plaintiff is unreasonable. The Court agrees with Defendants' argument that the contract does not authorize recovery of attorney fees incurred by litigation between the contracting Parties, so the Court need not address the reasonableness of Plaintiff's specific fee requests.

The Court must apply ordinary principles of contract interpretation to determine whether the agreement authorizes the recovery of attorney fees, but it must also "'strictly construe[]'" fee provisions in order to "'avoid inferring duties that the parties did not intend to create.'" *Nova Research*, 952 A.2d at 287 (quoting Robert L. Rossi, Attorneys' Fees § 9:18 (3d ed. 2002, Cum. Supp. 2007)). Although paragraph 7.3 of the agreement does indicate that Defendants must indemnify "all loss, . . . including attorney's fees . . . arising out of or in any way relating to the breach of . . . this Agreement," indemnification provisions normally only extend to losses incurred in defending against actions by third parties, not first-party litigation between the contracting parties. "Where the contract provides no express provision for recovering attorney's fees in a first party action establishing the right to indemnity, . . . we decline to extend this exception to the American rule, which generally does not allow for prevailing parties to recover attorney's fees." *Id.* at 285.

Plaintiff argues that the contract expressly authorizes it to recover attorney fees incurred in first-party breach of contract actions against the Defendants. Plaintiff contends that the reference in paragraph 7.3 to "breach of . . . this Agreement" is important because breach of contract actions can generally only be initiated by the contracting parties; from this, Plaintiff infers that the provision covers indemnification in first-party breach of contract actions.

However, Plaintiff misreads the contractual language. Paragraph 7.3 does not expressly provide for indemnification in breach of contract actions. Rather, it provides for indemnification of losses "arising out of" or "relating to" a breach of contract. *Id.* This broad language covers, and appears designed to cover, actions by third parties against the Plaintiff based on the inadequate work of Plaintiff's contractors, *i.e.*, the Defendants. If Defendants breached their contract with Plaintiff in a way that caused harm to a third party, Plaintiff could potentially be sued by that third party. Plaintiff would then incur losses,

including attorney fees, "arising out of" and "relating to" Defendants' breach of contract. The contractual language unambiguously provides for indemnification under those circumstances, but it does not clearly provide for fee shifting in first-party actions.

For this reason, paragraph 7.3 is similar to other indemnification provisions that Maryland courts have held to be inapplicable in actions between the contracting parties, *see, e.g.*, *Thomas v. Capital Med. Mgmt. Assocs., LLC*, 985 A.2d 51, 68 (Md. Ct. Spec. App. 2009) ("The contract in the case before us does not explicitly cover expenses in the enforcement of the contract; therefore, we shall not imply the recovery of attorney's fees accrued in a first party action establishing the right to indemnity."), and unlike the case that Plaintiff relies upon, *see Atlantic Contracting & Material Co. v. Ulico Cas. Co.*, 844 A.2d 460, 469 (Md. 2004) (authorizing recovery of attorney fees under a contract providing indemnification of losses incurred "in connection with . . . the enforcement of this Agreement"). Thus, Plaintiff is not entitled to recover its attorney fees.

For the aforementioned reasons, Plaintiff's motion for attorney fees and expenses, Doc. No. 80, is denied. A separate order will follow.

|   |   |
|---|---|
| January 21, 2011<br>Date | /s/<br>Alexander Williams, Jr.<br>United States District Judge |